IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:04-cr-00006-MP-AK

STEPHEN DUNLAP,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 766, Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 for Stephen Dunlap.  In the motion, Mr. Dunlap argues that "because the Court never made an explicit finding that he was accountable for over 4.5 kilograms of cocaine base" and therefore his Guidelines Range should be calculated as if he were held responsible for between 1.5 kilograms and 4.5 kilograms of cocaine base.

The Court did explicitly find, however, that Mr. Dunlap was responsible for more than 4.5 kilograms.  In the sentencing hearing, the Court found the "presentence report to be complete, true and accurate" (see Exhibit A to doc. 766, lines 6-7), and ¶ 52 of the Presentence Report states

> Mr. Dunlap received 25 kilograms of cocaine from Cleveland Ferguson, which he cooked into cocaine base and distributed.  Therefore, Mr. Dunlap is being held accountable for 22.25 kilograms of cocaine base.

Even after Amendment 706 and 711, the amount of cocaine base attributed to Mr. Dunlap qualifies him for the highest guidelines range of 38.  Because the amendment does not lower the guideline range applicable to this defendant, § 1B1.10(a)(1) does not permit the Court to reduce

the original sentence.

    Accordingly it is hereby

**ORDERED AND ADJUDGED:**

1.    The motion at doc. 766 is denied.

**DONE AND ORDERED** this  *3rd*   day of December, 2008

                *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge